UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                      Case No. 24-cr-28-pp

SHANNON WILDER,

    Defendant.

**ORDER ADOPTING JUDGE DUFFIN'S REPORT AND RECOMMENDATION (DKT. NO. 177) AND DENYING DEFENDANT'S MOTION TO DISMISS COUNT NINETEEN (DKT. NO. 159)**

On February 13, 2024, a grand jury returned a thirty-two-count indictment against defendant Shannon Wilder and nine co-defendants. Dkt. No. 1. Count Nineteen of the indictment charges the defendant with possession of a firearm in furtherance of a drug conspiracy under 18 U.S.C. §924(c)(1)(A)(i). Id. The defendant moved to dismiss Count Nineteen on the grounds that officers searched a residence and recovered firearms belonging to someone named Deasia Smith and that there was no factual nexus between those firearms and drugs. Dkt. No. 159 at 4. The government disagrees with the defendant's version of the facts and argues that the factual dispute highlights the need for trial. Dkt. No. 171 at 11. Judge Duffin issued a report, recommending that this court deny the motion to dismiss because the defendant is asking the court to look beyond the indictment and "step into the shoes of the jury to weigh the facts of the case." Dkt. No. 177 at 11. Judge Duffin determined that the face of the indictment adequately sets forth the crime charged and "is not so obviously deficient that the government could not conceivably produce evidence of the crimes at trial." Id.

1

The district court has the authority to designate to a magistrate judge a criminal defendant's motion "to dismiss or quash an indictment or information." 28 U.S.C. §636(b)(1)(B). The magistrate judge must file his proposed findings and recommendations and provide copies to the parties. 28 U.S.C. §6369(c)(1)(C). Under 28 U.S.C. §636(b)(1)(C), a defendant has fourteen days after being served with a magistrate judge's report and recommendation to file objections to the magistrate judge's findings. See also, Fed. R. Crim. P. 59(b)(2). And the district judge has the authority to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C).

Judge Duffin advised the defendant of his right to object, and the time for doing so, in his May 6, 2025 report and recommendation. Id. at 22. The defendant's objection deadline expired on May 20, 2025. The defendant has not filed an objection. Had the defendant timely filed an objection, the court would have conducted a *de novo* determination of the portions of the report and recommendation to which he objected, as required by 28 U.S.C. §636(b)(1)(C). Because the defendant has not filed an objection—timely or otherwise—the court is not obligated to conduct a *de novo* determination of the defendant's claims and will not do so.

Nor is there any reason for the court to reject or modify any part of Judge Duffin's recommendation. Count Nineteen of the indictment alleges that on February 7, 2024, the defendant "knowingly possessed a firearm in furtherance of the drug trafficking offense charged in Count One of this Indictment." Dkt. No. 41 at 20. Count One alleges that from July 2022 through February 7, 2024, the defendant and nine others "knowingly and intentionally conspired with each other and others, known and unknown to the Grand Jury, to

possess with the intent to distribute and to distribute controlled substances in violation of Title 21, United States Code, Section 841(a)(1)." Id. at 1-2. The defendant argued to Judge Duffin that "it is clear" that he did not possess a firearm "in furtherance" of the drug trafficking offense. Dkt. No. 159 at 3. He said that the residence on 60th Street where the guns were found did not belong to him. Id. He argued that even if the government could show that he stayed at that residence from time to time, "the firearms discovered during the search were not protecting a 'stash house' or 'drug profits.'" Id. at 3-4. He asserted that no drugs or profits were found at the 60th Street location; that any items of value belonged to Deasia Smith; that he was not in "close approximation" to any firearms, drugs or profits on February 7; and that the guns were "alleged to have been found in a crawl space without easy access" to the defendant. Id. at 4. The defendant also contended that the guns were registered to Deasia Smith and were not stolen. Id.

The defendant argued that there was "no reasonable relationship between the firearm(s) and the drug possession or distribution," and maintained that "[i]f the mere presence of firearms in a place where a drug transaction occurred is not enough to establish a nexus . . . then surely the absence of any drugs found during a search where firearms are discovered **but no** drugs are present is not sufficient (emphasis in original)." Id. He asserted that there was no evidence that he ever conducted a drug transaction at the 60th Street residence, maintaining that Count Nineteen must "fail." Id.

Judge Duffin recounted that a confidential informant provided information that defendant Qian Collins would provide people, including the defendant with drug phones to sell controlled substances. Dkt. No. 177 at 3. He explained that a confidential source engaged in a controlled buy of 25.6

3

grams of fentanyl from the defendant. Id. at 4. He recounted that on February 7, 2024, law enforcement searched a residence (the one the defendant says belonged to Ms. Smith) and found guns, two conversion devices, a ballistic vest, loaded guns, magazines, multiple cell phones, $5,000 in cash and identifiers. Id. at 5. Finally, he recounted that the government identified messages between Collins and the defendant, which the government argued showed involvement in the drug trafficking organization. Id. at 6.

In response to the defendant's arguments that there was no relationship between the guns found in the 60th Street residence and the drug trafficking offense charged in Count One, Judge Duffin reasoned:

> Under Fed. R. Crim. P. 7(c)(1), the indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." "An indictment is legally sufficient if it (1) states all the elements of the crime charged; (2) adequately informs the defendant of the nature of the charges so that he may prepare a defense; and (3) allows the defendant to plead the judgment as a bar to any future prosecutions." *United States v. White*, 610 F.3d 956, 958 (7th Cir. 2010). On a pretrial motion to dismiss, "[a]n indictment is reviewed on its face, regardless of the strength or weakness of the government's case." *White*, 610 F.3d at 958.

Id. at 10.

The Seventh Circuit pattern jury instruction for a §924(c) charge instructs that the government must prove two elements: "[t]he defendant committed the crime of [name the specific crime of violence or drug trafficking crime];" and "[t]he defendant knowingly [used; carried] a firearm during and in relation to such crime." Count Nineteen alleges both of those elements. It alleges that the defendant "knowingly possessed a firearm in furtherance" of "the drug trafficking offense charged in Count One . . . ." It states the elements, informs the defendant of the nature of the charge against him and, if he is

convicted, will allow him to plead that judgment as a bar to future prosecutions.

As for the defendant's argument that the indictment does not sufficiently allege, or prove, that he possessed a gun "in furtherance of" the drug trafficking offense, Judge Duffin explained that

> . . . as the Seventh Circuit pointed out in *United States v. Castor*, 558 F.2d 379, 384 (7th Cir. 1997),
>
>> [t]he question is not whether the indictment particularly alleges sufficient facts from which a jury could find that the [firearms] were [used] in furtherance of the [drug trafficking conspiracy], but rather whether the Government conceivably could produce evidence at trial showing that the [firearms] were for the purposes of executing the [conspiracy].
>
> *Id.* (citing *United States v. Sampson*, 371 U.S. 75, 76 (1962)). "The resolution of the ['in furtherance of'] question . . . must await trial 'unless it so convincingly appears on the face of the indictment that as a matter of law there need be no necessity for such delay.'" *Id.* (quoting *United States v. Feinberg*, 50 F. Supp. 976, 977 (E.D.N.Y. 1973)).
>
>> [The defendant] essentially asks the Court to look beyond the face of the indictment and step into the shoes of the jury to weigh the facts of the case. But "the court cannot foray into factual assumptions or findings on a motion to dismiss the indictment." *United States v. Bryant*, No. 13-cr-14, 2013 WL 3423275, at *6 (E.D. Wis. Jul. 8, 2013), *adopting recommendation*. The face of the indictment adequately sets forth the crimes charged and is not so obviously deficient that the government could not conceivably produce evidence of the crimes at trial. "Where, as here, the pretrial defense claim 'is substantially intertwined with the evidence concerning the alleged offense, the motion to dismiss falls within the province of the ultimate finder of fact.'" *Bryant*, 2013 WL 3423275, at *6 (quoting *United States v. Yasak*, 884 F.2d 996, 1001 n.3 (7th Cir. 1989)).

Id. at 11-12.

This court has no reason to reject or modify Judge Duffin's findings. Time will tell whether the government is able to prove that the defendant

5

possessed the guns found in the 60th Street address "in furtherance of" the drug conspiracy charged in Count One. But that is a question for a jury to decide. Because Count Nineteen adequately alleges the elements of the offense it charges, Judge Duffin correctly concluded that the defendant's motion to dismiss Count Nineteen should be denied.

The court **ADOPTS** Judge Duffin's report and recommendation. Dkt. No. 113.

The court **DENIES** the defendant's motion to dismiss Count Nineteen. Dkt. No. 159.

Dated in Milwaukee, Wisconsin this 3rd day of June, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**